848 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Wayne A. PATCHETT; Peggy Diane Patchett.
Peggy Diane PATCHETT, Wayne A. Patchett, and Mari L. Taoka,
Trustee, Plaintiffs-Appellants,
v.
Carol KENDZIORA, Defendant-Appellee.
 No. 87-3807.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1988.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Peggy Diane Patchett (Patchett), her husband Wayne A. Patchett, and Mari L. Taoka, their trustee in bankruptcy (collectively, plaintiffs), appealed from the district court's order denying their motion for a new trial in this personal injury action. The record disclosed the following facts.
 
 
 2
 On December 12, 1984, Patchett and defendant-appellee Carol Kendziora (Kendziora) were involved in a traffic accident when Kendziora attempted to turn left from a private drive onto Dorr Street in Toledo, Ohio and was struck by Patchett's vehicle which was travelling westbound on Dorr Street. On July 9, 1986, subsequent to the Patchetts' filing of a petition for bankruptcy, plaintiffs commenced the present action alleging that Kendziora was at fault in the accident and that Patchett suffered severe injuries to her back and neck which injuries caused her considerable pain and suffering, lost wages, and medical expenses, and which caused her husband the loss of her consortium. At trial, the district court directed a verdict for the plaintiffs on the issue of liability, and accordingly, only the issue of damages was referred to the jury. The jury awarded Patchett damages roughly equal to the amount of her medical expenses, and plaintiffs thereafter moved the district court for a new trial asserting that the jury's verdict was against the weight of the evidence because the award of damages was inadequate to compensate for pain and suffering and lost wages. The district court denied the motion, and plaintiffs thereafter commenced this timely appeal.
 
 
 3
 Upon review of the record, and the briefs and oral arguments of the parties herein, this court concludes that the jury could have reasonably determined that Patchett's claims for pain and suffering and lost wages were unsupported by the evidence presented at trial. Accordingly, the district court did not abuse its discretion by denying plaintiffs' motion for a new trial, see TCP Indus., Inc. v. Uniroyal, Inc., 661 F.2d 542, 546 (6th Cir.1981) (district court's ruling on motion for new trial reviewed for abuse of discretion), and the judgment of the district court is, therefore, hereby AFFIRMED.